**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1632-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSHUA TAYLOR,

    Defendant-Appellant.

_____

Submitted September 19, 2022 – Decided September 28, 2022

Before Judges Currier and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-10-2847.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Natalie A. Schmid Drummond, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Joshua Taylor appeals from an October 7, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On July 24, 2017, defendant appeared in court for a plea hearing on charges related to robbery, weapons possession, and terroristic threats. At the hearing, defendant pleaded guilty to second-degree conspiracy to commit robbery under Indictment No. 16-10-2847 and third-degree terroristic threats under Accusation No. 17-17-2017. In exchange for his guilty plea, the State agreed to recommend a seven-year term with an eighty-five percent period of parole ineligibility on the conspiracy charge and a concurrent three-year term on the terroristic threat charge. The State agreed to dismiss all remaining charges under the proposed plea agreement.

During the plea colloquy, the judge questioned defendant regarding his understanding of the plea and his ability to discuss the plea form and the waiver of indictment form with his attorney. The judge also questioned defendant regarding his signature on the forms. Further, the judge asked defendant, "you understand that if you come back later and you tell me that your guilty plea was not voluntary, it's going to be very hard for me to believe that in light of the way you are testifying right now?" Defendant responded, "yes."

2

At the hearing, defense counsel established the factual basis for defendant's plea. After finding defendant's guilty plea to be "knowing and voluntary," the judge accepted the plea and scheduled sentencing for later in the year.

After the plea hearing but before sentencing, defendant filed a motion to withdraw his guilty plea. In seeking to withdraw his plea, defendant claimed he was not mentally competent because he previously received psychiatric treatment and should have been on psychiatric medication at the time of the plea hearing but was not.

On December 4, 2017, the day of the sentencing hearing, the judge denied defendant's motion to withdraw his guilty plea. She found the medical records submitted in support of the motion to withdraw the guilty plea were from 2013, four years before the plea hearing. She stated there were no medical records contemporaneous with the date of the plea hearing related to defendant's mental health. Additionally, the judge specifically recalled defendant's answers to her questions during the plea colloquy and noted defendant's responses were not indicative of someone who lacked the capacity to understand the proceeding. After denying the motion to withdraw the guilty plea, the judge sentenced defendant in accordance with the terms of the plea agreement.

A-1632-20

Defendant filed an appeal challenging the conviction and sentence imposed. The appeal was scheduled before a panel on an excessive sentencing calendar. In a September 25, 2018 order, we affirmed defendant's sentence and conviction. State v. Taylor, Docket No. A-3927-17 (App. Div. Sept. 25, 2018).

Defendant filed a pro se PCR petition on October 30, 2019. Defendant's assigned counsel submitted an amended PCR petition and supporting documents on July 2, 2020. Defendant argued his trial attorney was ineffective in failing to request a competency hearing and file a motion for a Wade[1] hearing.

The matter was heard by the PCR judge on October 7, 2020. In a decision rendered from the bench, the judge denied defendant's PCR petition. The judge found defendant failed to identify any "actual omissions by counsel that were not the result of reasonable, professional judgment." The judge further concluded defendant did not demonstrate any actual prejudice based on the alleged deficient performance of defense counsel.

On the issue of a motion for a Wade hearing, the judge believed the identification of defendant by the co-defendants "was so strong" that a motion challenging the victim's identification of defendant would have been "meritless."

---

[1] United States v. Wade, 388 U.S. 218 (1967).

 A-1632-20

On the issue of a competency hearing, the judge explained defendant failed to demonstrate any mental health issues at the time of the plea hearing. The only evidence supporting a mental health diagnosis were medical records from 2013. Further, the PCR judge noted defendant "graduate[d] from [a] psychiatric hospital in 2013, four years prior [to his] plea." Thus, the judge held defendant failed to demonstrate he lacked competency at the time of the plea colloquy and sentencing.

Defendant raises the following arguments on appeal:

POINT I

> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO REQUEST A COMPETENCY HEARING TO DETERMINE WHETHER DEFENDANT HAD THE MENTAL CAPACITY TO STAND TRIAL AND TO REQUEST A WADE HEARING TO CHALLENGE THE VICTIM'S IDENTIFICATION OF DEFENDANT.
>
> The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For Post[-]Conviction Relief.
>
> Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Request A

A-1632-20

Competency Hearing To Determine Whether Defendant Had The Mental Capacity To Stand Trial.

Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Request A Wade Hearing To Challenge The Victim's Identification Of Defendant.

Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That He Was Denied The Effective Assistance Of Trial Counsel.

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). To establish a prima facie claim of ineffective counsel, defendant must show: (1) counsel's performance was objectively deficient; and (2) counsel's deficient performance prejudiced defendant to the extent they were deprived of their right to a fair trial. State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the United States Supreme Court's two-prong test in Strickland v. Washington, 466 U.S. 668, 687 (1984)). Prejudice means "a reasonable probability" the deficient performance "materially contributed to defendant's conviction." Ibid.

To meet the burden of establishing ineffective assistance of counsel, defendant "must do more than make bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant must "allege facts sufficient

to demonstrate counsel's alleged substandard performance." Ibid. Even if there is a showing of deficient counsel, "defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)).

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 157 (quoting Strickland, 466 U.S. at 689). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (citing State v. Marshall, 123 N.J. 1, 165 (1991)). A decision will not be overturned merely because a defendant is dissatisfied with counsel's judgment. State v. Allegro, 193 N.J. 352, 367 (2008) (citing Castagna, 187 N.J. at 314).

Merely raising a PCR claim does not entitle a defendant to relief or an evidentiary hearing. See Cummings, 321 N.J. Super. at 170. Trial courts should only grant an evidentiary hearing if the defendant presented a prima facie case of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b).

"If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." Brewster, 429 N.J. Super. at 401 (quoting Marshall, 148 N.J. at 158).

Here, defendant asserts defense counsel was ineffective because he failed to request a competency hearing prior to sentencing and failed to request a Wade hearing challenging the victim's identification of defendant. We reject defendant's arguments.

We first address defendant's argument his counsel was ineffective in failing to request a competency hearing. In Dusky v. United States, 362 U.S. 402 (1960), the United States Supreme Court defined the minimum requirements to determine a defendant's competence to stand trial. The test is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him." State v. Purnell, 394 N.J. Super. 28, 47 (App. Div. 2007). New Jersey statutory law provides that "[n]o person who lacks capacity to understand the proceedings against [them] or to assist in [their] own defense shall be tried, convicted or sentenced for the

commission of an offense so long as such incapacity endures." N.J.S.A. 2C:4-4(a).

We agree with the sentencing judge and the PCR judge that the proofs presented by defendant failed to raise any bona fide doubt as to his competency. Defendant never presented any medical records from the time of the plea hearing suggesting a mental infirmity. The only records presented were dated four years prior to the plea colloquy. Significantly, those records showed defendant was treated for depression and other mental health issues and satisfactorily discharged from a psychiatric hospital in 2013. Moreover, defendant's responses to the sentencing judge's questions during the plea hearing evidenced defendant fully understood the proceeding and agreed to the terms of the negotiated plea after discussing the plea with his attorney. In fact, defendant addressed the judge during the plea hearing to ensure his sentences were concurrent and not consecutive.

Because defendant failed to present any evidence concerning his mental status at the time of the plea hearing, the PCR judge correctly found defense counsel was not ineffective in failing to request a competency hearing prior to sentencing.

We next address defendant's argument that his defense counsel was ineffective for failing to file a <u>Wade</u> motion with regard to the photographic identification by the victim. Based on our review of the record, we are satisfied the PCR judge properly determined such a motion would not only have been unsuccessful but would have been totally without merit.

Here, defendant was identified by his co-defendants. The co-defendants not only knew defendant but identified defendant as a participant in their robbery scheme. Our Supreme Court noted a <u>Wade</u> hearing is not required for a "confirmatory" identification because such an identification is "not considered suggestive." <u>State v. Pressley</u>, 232 N.J. 587, 592 (2018). Because the co-defendants confirmed the identification of defendant, the victim's identification was surplusage and there was no need for a <u>Wade</u> hearing under these circumstances. Therefore, defense counsel did not err in filing a motion that lacked any basis in fact or law.

Having reviewed the record, we are satisfied the judge properly denied defendant's PCR petition based on defendant's failure to demonstrate he received ineffective assistance of counsel under the <u>Strickland/Fritz</u> analysis.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1632-20